UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVE TARBUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cv-00454-RCJ-WGC |
| vs. | ) | |
| | ) | |
| STATE OF NEVADA et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case arises out of an alleged hostile workplace environment and retaliation for a related complaint. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court grants the motion in part, with leave to amend.

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff Steve Tarbuck was employed at Defendant State of Nevada's Nevada Youth Training Center ("NYTC") from July 26, 2010 until April 4, 2011 as a "Group Supervisor III." (Am. Compl. ¶ 2, Aug. 24, 2012, ECF No. 4). During his employment, Plaintiff allegedly suffered a hostile workplace environment on the basis of age, national origin, disability, and religion. (*See id.* ¶ 11). Plaintiff alleges that this treatment began because Plaintiff had reported to "management" concerning racial insults made from a coworker to a ward and other inappropriate behavior of coworkers. (*See id.* ¶¶ 9–10). Based upon the hostile treatment of Plaintiff himself resulting from his reporting of this activity, Plaintiff filed a complaint of

discrimination with the Nevada Department of Personnel ("NDP") against the following four individual Defendants on March 9, 2011: (1) NYTC Head Group Supervisor Joseph Payne; (2) NYTC Assistant Head Group Supervisor Justin Hardy; (3) NYTC Group Supervisor III Lana Nelson; and (4) NYTC Group Supervisor II Marvin Pierce. (*See id.* ¶¶ 4–7, 12). Shortly thereafter, and allegedly in retaliation therefor, Defendants assigned Plaintiff to a different shift such that he could not attend religious services. (*See id.* ¶¶ 11, 13). The State discharged Plaintiff on April 4, 2011 for failure to complete his probationary period, despite the fact that Plaintiff's two performance evaluations had rated him as satisfactory. (*Id.* ¶¶ 14–15).

Plaintiff sued Defendants in this Court on two nominal causes of action: (1) violations of 42 U.S.C. § 2000e-2 and 2000e-3 ("Title VII"); and (2) constitutional violations pursuant to 42 U.S.C. § 1983. Plaintiff in substance brought four distinct causes of action: (1) Hostile Workplace Environment under Title VII; (2) Retaliation under Title VII; (3) Fourteenth Amendment Equal Protection Clause violations under § 1983; and (4) First Amendment Free Speech Clause violations under § 1983. Defendants moved to dismiss or for a more definite statement. Plaintiff did not substantively respond to the motion but timely filed the Amended Complaint ("AC"), which slightly amplifies the allegations and adds NYTC Superintendent Erica Olson as a Defendant. Defendants have moved to dismiss the AC.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a defendant liable; he also must identify the theory of his own case so that the court can properly determine not only whether any such legal theory exists (*Conley* review), but also whether he has any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

1  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
2  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
3  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
4  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
5  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
6  2001).

### III.  ANALYSIS

First, Plaintiff has pled no facts making a hostile workplace environment plausible.  He alleges that his religion was disparaged and that his disability (Turrets Syndrome) was mocked, but he has not pled facts indicating that any such treatment was severe or pervasive, and he does not allege constructive discharge.  Rather, he alleges a direct discharge as alleged retaliation for his having filed a complaint with NDP.

Second, Plaintiff has sufficiently pled a retaliation claim.  Plaintiff alleges that his shift was changed shortly after he complained to NDP of the racial harassment of others to NDP, making his attendance at religious services impossible, a fact that his supervisor impliedly knew based upon his previous requests for accommodation.

Third, the Free Speech Clause claim pursuant to § 1983 is not plausible.  Plaintiff does not allege any facts possibly indicating that his internal complaints to NDP constituted anything other than a workplace grievance. *See generally Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *Desrochers v. City of San Bernardino*, 572 F.3d 703 (9th Cir. 2009).

Fourth, the Equal Protection Clause claim pursuant to § 1983 is not plausible.  Plaintiff has not pled facts indicating discrimination on the basis of his race, gender, or other protected category.  He has alleged that Defendants disparaged his religion and his disability, but he has not alleged facts indicating that his religion or disability were the basis for his termination or other adverse employment action.  He alleges that the basis for the withdrawal of his previous

1  religious accommodation[1] and his termination was his complaint to NDP.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) is DENIED as moot.

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED IN PART and DENIED IN PART, with leave to amend.  All claims except the Title VII retaliation claim are dismissed, with leave to amend.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge

---

[1] Plaintiff does not allege that he had any explicit religious accommodation, and in one place, he alleges that his requests for certain days off as a religious accommodation were routinely denied, though he brings no Free Exercise Clause claim pursuant to § 1983.  Plaintiff alleges only that the change in his shift after he complained to NDP made it impossible for him to attend religious services.