UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVE TARBUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cv-00454-RCJ-WGC |
| vs. | ) | |
| | ) | |
| STATE OF NEVADA et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of an alleged hostile workplace environment and retaliation for a related complaint. Pending before the Court is a Motion for Summary Judgment (ECF No. 28). For the reasons given herein, the Court grants the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Steve Tarbuck was employed at Defendant State of Nevada's Nevada Youth Training Center ("NYTC") from July 26, 2010 until April 4, 2011 as a "Group Supervisor III." (Am. Compl. ¶ 2, Aug. 24, 2012, ECF No. 4). During his employment, Plaintiff allegedly suffered a hostile workplace environment on the basis of age, national origin, disability, and religion. (*See id.* ¶ 11). Plaintiff alleged that this treatment began because Plaintiff had reported to "management" concerning racial insults made from a coworker to a ward and other inappropriate behavior of coworkers. (*See id.* ¶¶ 9–10). Based upon the hostile treatment of Plaintiff himself resulting from his reporting of this activity, Plaintiff filed a complaint of

discrimination with the Nevada Department of Personnel ("NDP") against the following four individual Defendants on March 9, 2011: (1) NYTC Head Group Supervisor Joseph Payne; (2) NYTC Assistant Head Group Supervisor Justin Hardy; (3) NYTC Group Supervisor III Lana Nelson; and (4) NYTC Group Supervisor II Marvin Pierce. (*See id.* ¶¶ 4–7, 12). Shortly thereafter, and allegedly in retaliation therefor, Defendants assigned Plaintiff to a different shift such that he could not attend religious services. (*See id.* ¶¶ 11, 13). The State discharged Plaintiff on April 4, 2011 for failure to complete his probationary period, despite the fact that Plaintiff's two performance evaluations had rated him as satisfactory. (*Id.* ¶¶ 14–15).

Plaintiff sued Defendants in this Court on two nominal causes of action: (1) violations of 42 U.S.C. § 2000e-2 and 2000e-3 ("Title VII"); and (2) constitutional violations pursuant to 42 U.S.C. § 1983. Plaintiff in substance brought four distinct causes of action: (1) Hostile Workplace Environment under Title VII; (2) Retaliation under Title VII; (3) Fourteenth Amendment Equal Protection Clause violations under § 1983; and (4) First Amendment Free Speech Clause violations under § 1983. Defendants moved to dismiss or for a more definite statement. Plaintiff did not substantively respond to that motion but timely filed the Amended Complaint ("AC"), which slightly amplified the allegations and added NYTC Superintendent Erica Olson as a Defendant. Defendants moved to dismiss the AC. The Court dismissed all claims except the retaliation claim under Title VII, with leave to amend the other claims. Plaintiff filed the Second Amended Complaint ("SAC"), which includes a single claim for retaliation under Title VII against a single Defendant, the State of Nevada. Defendant has moved for summary judgment.

## II.   LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. ANALYSIS

The Motion is untimely under the Scheduling Order, as extended.  Dispositive motions were due on November 21, 2013, and the present motion was not filed until November 22, 2013.  The Court will excuse the one-day untimeliness in the name of judicial efficiency, however, because Defendant has satisfied its initial burden on summary judgment to point out that Plaintiff has not produced evidence sufficient to establish a genuine issue of material fact that he acted to protect his rights under Title VII:

> Although courts liberally construe the provisions of section 704(a) to effectuate the remedial purposes of the Act, the opposition clause, by its terms, protects only those employees who oppose what they reasonably perceive as discrimination under the Act. An employee need not establish that the opposed conduct in fact violated the Act in order to establish a valid claim of retaliation. That is, an employee may fail to prove an "unlawful employment practice" and nevertheless prevail on his claim of unlawful retaliation. However, the opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation.

*Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (George, D.J.) (citations omitted).  Defendant's evidence shows that Plaintiff has only alleged that any retaliation was based upon his reporting of alleged racist comments to wards by a coworker, which is not an unlawful employment practice for two independent reasons.  First, Plaintiff does not allege the racial harassment of any employees at all, but only of wards.  Second, Plaintiff does not allege that the

comments were so severe and pervasive so as to alter working conditions so as to qualify as a hostile work environment, even if the wards were employees. Even assuming the conduct complained of could be considered severe and pervasive enough, Plaintiff has not made out a retaliation claim, because such treatment of non-employees simply does not "fairly fall within the protection of Title VII." Defendant has therefore satisfied its initial burden to demonstrate that Plaintiff has failed to make a showing sufficient to establish an element essential to his case on which he will bear the burden of proof at trial, i.e., that he engaged in any protected conduct. *See Celotex Corp.*, 477 U.S. at 323–24.

Plaintiff has not satisfied his shifted burden. The only piece of evidence Plaintiff cites concerning his alleged protected activity is Defendant's Exhibit B, wherein Payne attests to having received an email from Plaintiff complaining of discrimination against Plaintiff on the basis of age and disability and a racist comment made to a ward. (*See* Payne Aff. ¶ 5, June 11, 2013, ECF No. 28-3). This is evidence of retaliation based upon a complaint about the mistreatment of wards, who are not employees under Title VII, and about the mistreatment of Plaintiff himself on the basis of age and disability, which categories of discrimination are not covered by Title VII. Plaintiff has not provided or pointed to any evidence that tends to show that he engaged in protected conduct under Title VII.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 28) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 12th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge